THIRD DIVISION
 March 05, 1997












No. 1-95-1631

W. KENNETH TREGENZA, on behalf of
himself and a class of persons similarly
situated,

 Plaintiff-Appellant,

 v.

LEHMAN BROTHERS, INC., a Delaware
corporation,

 Defendant-Appellee.)
)
)
)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County


94 CH 008765



Honorable
Edwin M. Berman,
Judge Presiding.

 JUSTICE CAHILL delivered the opinion of the court:
 We review a complaint alleging common law causes of action
arising out of a securities transaction. The trial court found
that the action was time barred by the three year statute of
limitations in the Illinois Securities Law of 1953. 815 ILCS
5/13(D) (West 1992). Plaintiff argues that since his complaint
does not rely on the securities law, the five year statute of
limitations set out in section 13-205 of the Illinois Code of
Civil Procedure (735 ILCS 5/13-205 (West 1992)) should apply. We
affirm.
 Plaintiff W. Kenneth Tregenza purchased stock from defendant
Lehman Brothers, Inc. on October 11, 1989, through May 7, 1990. 
Plaintiff then sued defendant on September 29, 1994, for breach
of fiduciary duty, fraud, and negligent misrepresentation arising
out of the sale of the stock. Defendant moved for dismissal
under sections 2-615 and 2-619 of the Illinois Code of Civil
Procedure 735 ILCS 5/2-615, 5/2-619 (West 1992). The trial court
granted defendant's motion and dismissed the complaint with
prejudice. Plaintiff appeals. We affirm.
 The facts allegedly supporting the claims in this case are
set out in Tregenza v. Great American Communications Co., 823 F.
Supp. 1409 (N.D. Ill. 1993). Since we dispose of this complaint
on the basis of the three year statute of limitations under the
Illinois Securities Law of 1953, we need not repeat the facts
here. Plaintiff's federal cause of action was dismissed because
it was barred by the federal statute of limitations. The Seventh
Circuit Court of Appeals affirmed. Tregenza v. Great American
Communications Co., 12 F. 3d 717 (7th Cir. 1993). Plaintiff then
filed a three count complaint in the Circuit Court of Cook County
which alleged two new causes of action: breach of fiduciary duty
in count I, and fraud in count II. In count III he also brought
a claim for negligent misrepresentation, previously brought in
federal court.
 The trial court dismissed counts I and II on res judicata
grounds because the counts violated the rule against claim
splitting. The court found in the alternative that the entire
complaint was barred by the three year limitations period set out
in section 13(D) of the Illinois Securities Law of 1953. 815
ILCS 5/13(D) (West 1992). Since we find that the complaint is
barred by the three year statute of limitations under the
Illinois Securities Law, we need not reach the res judicata
argument.
 Plaintiff argues that the complaint was not barred by the
statute of limitations. He contends that a five year statute of
limitations applies under section 13-205 of the Illinois Code of
Civil Procedure. 735 ILCS 5/13-205 (West 1992). We disagree. 
 Section 5/13-205 provides that the causes of action set out
therein "and all civil actions not otherwise provided for" are
governed by a five year statute of limitations. 735 ILCS 5/13-
205 (West 1992). But plaintiff's action is a cause "otherwise
provided for." The Illinois Securities Law provides: "No action
shall be brought for relief under this Section or upon or because
of any of the matters for which relief is granted by this Section
after 3 years from the date of sale ***." (Emphasis added.) 815
ILCS 5/13(D) (West 1992).
 Plaintiff argues that there is no "principled basis" for
imposing a three year statute of limitations. On the contrary,
the seventh circuit in Tregenza articulated the principled basis
for a shorter statute in federal securities cases, one even more
stringent than Illinois law. 
 "Three years is an age in the stock market. If the
 suspicious investor had a wide choice of times at which
 to sue within a three-year period rather than being
 required to sue no more than one year after the
 earliest possible date, the opportunistic use of
 federal securities law to protect investors against
 market risk would be magnified. These plaintiffs
 waited patiently to sue. If the stock rebounded from
 the cellar they would have investment profits, and if
 it stayed in the cellar they would have legal damages. 
 Heads I win, tails you lose." Tregenza, 12 F. 3d at
 722. 
 While plaintiff does not seek relief under the Securities
Law, his causes of action are reliant "upon *** matters for which
relief is granted" by the Securities Law. We find that the three
year statute under the Illinois Securities Law, rather than the 
five year limitations period under 735 ILCS 5/13-205 of the Code
of Civil Procedure, applies to plaintiff's cause of action. 
 Affirmed. 
 HOFFMAN, P.J., and THEIS, J., concur.